**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

OMNITEK PARTNERS, LLC,

Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION,

Defendant.

Case No. 4:24-cv-00143-SDJ

**DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS


**I. Introduction** .....1

**II. Legal Standard** .....3

**A. 28 U.S.C. 1498 Affirmative Defense Warrants Dismissal Under Rule 12(b)(6)** .....3

**B. Conclusory Allegations Warrant Dismissal Under Rule 12(b)(6)** .....4

**C. Leave to Amend Should Be Denied When Amendment Would Be Futile** .....4

**III. Argument** .....5

**A. 28 U.S.C. § 1498 Protects Government Contractors from Patent Infringement Suits When Making Products for the Government** .....5

**1. The Alleged Infringement Was "For the United States"** .....6

**2. The Alleged Infringement Is "With the Authorization and Consent of the Government"** .....7

**B. Plaintiff Fails to Support Its Direct and Indirect Infringement Allegations with Facts Sufficient to Make Them Plausible** .....9

**1. Plaintiff's Infringement Allegations Relating to the '448 Patent Are Not Plausible.** .....11

**2. Plaintiff's Infringement Allegations Relating to the '325 Patent Are Also Not Plausible.** .....12

**3. Plaintiff's Infringement Allegations Relating to the '040 Patent Are Not Plausible.** .....13

**4. The Complaint Fails to State a Claim for Indirect Infringement** .....15

**IV. Dismissal Should Be with Prejudice Because Amendment is Futile** .....16

**V. Conclusion** .....16

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014)....................................15

*Am. Precision Ammunition, L.L.C. v. City of Min. Wells*,
90 F.4th 820 (5th Cir. 2024)...........................................................................3, 5

*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*,
29 F.4th 226 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353, 214 L. Ed. 2d 170 (2022) ....................................................................................................4, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................*passim*

*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*,
976 F.3d 585 (5th Cir. 2020)...............................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................*passim*

*Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*,
27 F.4th 313 (5th Cir. 2022)...............................................................................3

*BG Gulf Coast LNG, LLC v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*, 587 F. Supp. 3d 508 (E.D. Tex. 2022), *aff'd sub nom. BG Gulf Coast LNG, L.L.C. v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*, 49 F.4th 420 (5th Cir. 2022), *cert. denied sub nom. BG Gulf Coast LNG, L.L.C. v. Sabine-Neches Navigation Dist. of Jefferson Cnty.*, 143 S. Ct. 2577, 216 L. Ed. 2d 1189 (2023)...................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..........................................................................15

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021)..............................................................................4

*Calogero v. Shows, Cali & Walsh, L.L.P.*,
970 F.3d 576 (5th Cir. 2020)...............................................................................4

*CG Tech. Dev., LLC v. DraftKings, Inc.*,
No. 2:16-cv-00781-RCJ-VCF, 2016 WL 7190547 (D. Nev. Dec. 12, 2106) ........................14

*Crater Corp. v. Lucent Tech., Inc.*,
255 F.3d 1361 (Fed. Cir. 2001)........................................................................1, 9

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008)....................3

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ....................15

*Golden v. United States*,
137 Fed. Cl. 155 (2018)....................7

*Chapterhouse v. Shopify,*
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018). ....................*passim*

*Holotouch, Inc. v. Microsoft Corp.*,
No. 17 Civ. 8717 (AKH), 2018 WL 2290701 (S.D.N.Y. May 18, 2018) ....................14

*Hutchinson Indus. Inc. v. Accuride Corp.*,
No. CIV.A.09-1489FLW, 2010 WL 1379720 (D.N.J. Mar. 30, 2010)....................9

*United States ex rel. Jackson v. Ventavia Rsch. Grp., LLC*,
667 F. Supp. 3d 332 (E.D. Tex. 2023), *appeal dismissed sub nom. United States ex rel. Jackson v. Ventavia Rsch. Grp., L.L.C.*, No. 23-40278, 2023 WL 7318489 (5th Cir. Sept. 27, 2023)....................16

*KI Ventures, LLC v. Fry's Elecs., Inc.*,
4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013)....................3

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915 (2014)....................15

*Martinez v. Nueces Cnty., Texas*,
71 F.4th 385 (5th Cir. 2023)....................16

*NetSoc, LLC v. Chegg Inc.*,
1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020)....................3

*Nix v. Major League Baseball*,
62 F.4th 920 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023)....................5

*Parker Beach Restoration, Inc. v. United States*,
58 Fed. Cl. 126 (2003)....................7

*Richmond Screw Anchor Co. v. United States*,
275 U.S. 331 (1928)....................5

*Robern, Inc. v. Glasscrafters, Inc.*,
206 F. Supp. 3d 1005 (D.N.J. 2016)....................14

*Ruiz v. Brennan*,
851 F.3d 464 (5th Cir. 2017)....................4

*Sevenson Env't Servs., Inc., v. Shaw Env't, Inc.*,
477 F.3d 1361 (Fed. Cir. 2007)....................5, 6, 7

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000)....................4

*Toxgon Corp. v. BNFL, Inc.*
312 F.3d 1379 (Fed. Cir. 2002)....................5

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 519 (E.D. Tex. Mar. 29, 2022)....................2

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 520....................2

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 532 (E.D. Tex. Sept. 29, 2022)....................2

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 535 (E.D. Tex. Nov. 10, 2022)....................3

*Traxcell Tech. v. Huawei Techs. USA Inc.*,
2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017)....................3

*Washington v. Phillip/Seco Indus., Inc.*,
116 F. Supp. 2d 776 (E.D. Tex. 2000)....................16

*WPEM LLC v. SOTI Inc.*,
2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020)....................3

**Statutes**

28 U.S.C. § 1498....................*passim*

Fed. R. Civ. P. 12(b)(6)....................*passim*

Fed. R. Civ. P. 12(d)....................9

Fed. R. Civ. P. 56....................*9*

**Regulations**

FAR 52.227-1 (1995)....................8, 9

# STATEMENT OF ISSUES

1. Should this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the accused products are made exclusively for the U.S. Government, which means that, pursuant to 28 U.S.C. § 1498, Plaintiff's sole cause of action is against the U.S. Government in the Federal Court of Claims?

2. Do Plaintiff's allegations of direct and indirect patent infringement based primarily on screenshots from a variety of third-party website "sources" fail to state a plausible claim for relief because they do not show how each claim element is present in each accused product?

3. Should the Plaintiff's Complaint be dismissed with prejudice because any amendment would be futile?

## I. Introduction

Plaintiff Omnitek Partners, LLC's ("Plaintiff") Complaint accuses three strategic systems—procured and used by the United States Department of Defense—of allegedly infringing the Asserted Patents:[1] the SM-3 Block IB Interceptor,[2] and the Block IV and Block V Tomahawk Cruise Missiles[3] (collectively, the "Weapon Systems"). (ECF No. 1, Compl. ¶¶ 11, 14, 19, 22, 27, 30. Defendant Raytheon Technologies Corporation ("Raytheon") requests that the Court dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") because (1) Plaintiff filed its claims against the wrong defendant[4] and in the wrong court pursuant to 28 U.S.C. § 1498 ("Section 1498") and (2) the Complaint fails to provide any factual allegations supporting a plausible claim for patent infringement, either direct or indirect, against the named defendant. Raytheon further requests that the Court dismiss the Complaint with prejudice because it is fatally flawed and cannot be remedied by amendment.

Pursuant to Section 1498, "a private party cannot be held liable for infringement for any goods 'used or manufactured by or for the United States.'"[5] *Crater Corp. v. Lucent Tech., Inc.*, 255 F.3d 1361, 1363 (Fed. Cir. 2001). The Weapon Systems are sold exclusively to the U.S. Government. (Ex. C, Contracts for March 26, 2020, U.S. DoD,

[1] U.S. Patent Nos. 6,860,448 (the "'448 patent"); 8,686,325 (the "'325 patent"); and 9,448,040 (the "'040 patent") (collectively, the "Asserted Patents").

[2] The SM-3 Block IB Interceptor is a strategic ballistic missile defense interceptor. (*See e.g.,* Ex. A, Sea-Based Weapon Systems, U.S. Department of Defense ("DoD"), Missile Defense Agency (last updated Mar. 12, 2024), https://www.mda.mil/system/aegis_bmd.html).

[3] The Block IV and Block V Tomahawk Cruise Missiles are long-range, land attack cruise missiles. (*See e.g.,* Ex. B, Tomahawk Cruise Missile Fact File, America's Navy (last updated Sep. 27, 2021), https://www.navy.mil/Resources/Fact-Files/Display-FactFiles/Article/2169229/tomahawk-cruise-missile/).

[4] The correct defendant is the U.S. Government. But, Plaintiff's lack of pre-suit diligence resulted in naming the wrong U.S. government contractor —it is Raytheon, not Raytheon Technologies Corporation.

[5] In addition to the affirmative defense Section 1498, Plaintiff's case is meritless because the Weapon Systems do not infringe the Asserted Patents and the Asserted Patents are invalid.

https://www.defense.gov/News/Contracts/Contract/Article/2127392/; Ex. D, Contracts for March 27, 2024, U.S. DoD, https://www.defense.gov/News/Contracts/Contract/Article/3720724/). This is undisputed by Plaintiff's counsel.[6] Therefore, if Plaintiff seeks to enforce the Asserted Patents, then it must do so against the U.S. Government in the U.S. Court of Federal Claims.

Second, most of Plaintiff's "factual allegations" regarding Raytheon's direct infringement are based on third-party website "sources" that are unaffiliated with Raytheon, and which provide no indication of (i) what product is shown or (ii) how what is being shown meets the claim limitations of the Asserted Patents. Similarly, Plaintiff's allegations of indirect infringement do not include any supporting factual allegations nor do they identify any direct infringer upon which to base an indirect infringement claim against Raytheon. Plaintiff's infringement claims are once again baseless, as this is not the first time Plaintiff's counsel has prosecuted baseless patent infringement claims against Raytheon.[7] Indeed, this court and other courts across the country have repeatedly sanctioned Plaintiff's counsel for similar conduct.[8] The pleadings here are just as faulty and warrant dismissal under Rule 12(b)(6).

---

[6] Prior to filing the present Motion, Raytheon's counsel discussed Section 1498 and the Weapon Systems with Plaintiff's counsel. (*See* Ex. E, Summary of March 27, 2024 telephone conversation between counsel for Plaintiff and Raytheon). During that call, Plaintiff's counsel did not dispute that the Weapon Systems can only be manufactured for and sold to the U.S. Government. (*Id.*)

[7] Last year, counsel for Raytheon explained the affirmative defense available under Section 1498 to Ramey LLP, Plaintiff's current counsel, in connection with a patent infringement complaint that Ramey LLP filed against Raytheon for a different plaintiff. Despite this previous education, Ramey LLP decided to file the current complaint against Raytheon, demonstrating a complete disregard of the facts and law.

[8] *See*, *e.g.*, *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (awarding $132,046.50 in attorneys' fees against plaintiff for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the court's reasoning); *see also Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 532 (E.D. Tex. Sept. 29, 2022) (amending award to $489,710); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 519 (E.D. Tex. Mar. 29, 2022) (awarding $784,529.16 in attorneys' fees against plaintiff for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the court's reasoning); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP,

Finally, because no amendment could rectify the deficiencies in the Complaint, the Complaint should be dismissed ***with prejudice*** . This would force Plaintiff to pursue its claims against the proper defendant in the proper court, thereby conserving the judicial resources of this Court.

## II. Legal Standard

### A. 28 U.S.C. 1498 Affirmative Defense Warrants Dismissal Under Rule 12(b)(6)

Dismissal pursuant to Rule 12(b)(6) can "be appropriately based on a successful affirmative defense provided that the affirmative defense appears on the face of the complaint." *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (*quoting Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022)). To rule on a 12(b)(6) motion, a court may rely on the complaint and "matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). For example, the Court should take judicial notice of any relevant public records, including publicly available government documents, and consider them in a motion to dismiss. *See Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588-589 (5th Cir. 2020) (affirming district court's decision to consider publicly available government documents when ruling on a Rule 12(b)(6) motion, holding that such judicial notice fell "squarely within the ambit of [Federal] Rule [of Evidence] 201(b)"); *Calogero v. Shows, Cali & Walsh,*

---

Dkt. 535 (E.D. Tex. Nov. 10, 2022) (affirming award of $784,529.16); *WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct reasonable pre-suit investigation); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, 1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees against plaintiff for asserting infringement based on claim not in asserted patents); *KI Ventures, LLC v. Fry's Elecs., Inc.*, 4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (dismissing case with prejudice under Rule 11 for failure to explain basis for infringement).

*L.L.P.*, 970 F.3d 576, 580 n. 1 (5th Cir. 2020); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (holding district court's judicial notice of "matters of public record" was proper when ruling on a Rule 12(b)(6) motion).

**B. Conclusory Allegations Warrant Dismissal Under Rule 12(b)(6)**

A complaint cannot rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To assert plausible claims for patent infringement in particular, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021).

**C. Leave to Amend Should Be Denied When Amendment Would Be Futile**

Furthermore, once a complaint is dismissed, leave to amend should be denied if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). *See also Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 353, 214 L. Ed. 2d 170 (2022). "An amended complaint is futile when the plaintiff has pled his or her case, and there are no additional facts that could be alleged in a second amended complaint that could not have been alleged in the original complaint." *BG Gulf Coast LNG, LLC v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*, 587 F. Supp. 3d 508, 527 (E.D. Tex. 2022), *aff'd sub nom. BG Gulf Coast LNG, L.L.C. v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*, 49 F.4th 420 (5th Cir. 2022), *cert. denied sub nom. BG Gulf Coast LNG, L.L.C. v. Sabine-Neches Navigation Dist. of Jefferson Cnty.*, 143 S. Ct. 2577, 216 L. Ed. 2d 1189 (2023) (quotation marks

and citation omitted). "Amendments are futile where the proposed amendment fails to state a claim, and courts review them under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Nix v. Major League Baseball*, 62 F.4th 920, 935–36 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023) (quotation marks and citation omitted).

## III. Argument

### A. 28 U.S.C. § 1498 Protects Government Contractors from Patent Infringement Suits When Making Products for the Government

The Federal Circuit has held that Section 1498 is an affirmative defense to a claim of patent infringement. *Toxgon Corp. v. BNFL, Inc.* 312 F.3d 1379, 1381 (Fed. Cir. 2002). As such, it is an appropriate ground for dismissal under Rule 12(b)(6) in the Fifth Circuit. *Am. Precision Ammunition*, 90 F.4th at 824. Section 1498 provides that a claim for patent infringement cannot be sustained against a government contractor when the accused product is used by or manufactured for the United States if two criteria are met: (1) the contractor's use of the patented method was "for the Government," and (2) its use was "with the authorization and consent of the Government." *Sevenson Env't Servs., Inc., v. Shaw Env't, Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007) (quoting 28 U.S.C. § 1498). The purpose of Section 1498 is to "relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the government, and to limit the owner of the patent … to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture." *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 343 (1928).[9] A claim for patent infringement for such an accused product must be brought against the United States in the U.S. Court of Federal Claims. 28 U.S.C. § 1498.

[9] The U.S. Court of Claims was abolished in 1982; its successor is the U.S. Court of Federal Claims.

**1. The Alleged Infringement Was "For the United States"**

The requirement of Section 1498 that the alleged infringement be "for the United States" "impose[s] only a requirement that the use or manufacture of a patented method or apparatus occur pursuant to a contract with the government…." *Sevenson Env't. Servs.*, 477 F.3d at 1365.

This requirement is met here. Raytheon can only manufacture and sell the Weapon Systems to or for the U.S. Government—no private entity (or individual) can purchase a Tomahawk missile, which is launched from "U.S. Navy warships and submarines" (ECF No. 1-4, Compl. Ex. D at 3), or an SM-3 Interceptor Missile capable of "destroy[ing] a short range ballistic missile target during a highly complex integrated air and missile defense exercise in the Pacific Ocean" (ECF No. 1-2, Compl. Ex. B at 8). A cursory review of Raytheon's website and publicly available information from the U.S. Department of Defense leads to this conclusion. (*See, e.g.*, Ex. B, Tomahawk Cruise Missile Fact File, America's Navy (last updated Sep. 27, 2021), https://www.navy.mil/Resources/Fact-Files/Display-FactFiles/Article/2169229/tomahawk-cruise-missile/; Ex. A, Sea-Based Weapon Systems, U.S. DoD, Missile Defense Agency (last updated Mar. 12, 2024), https://www.mda.mil/system/aegis_bmd.html). Plaintiff does not dispute this. (Ex. E, Summary of March 27, 2024 telephone conversation between counsel for Plaintiff and Raytheon).

Further, Raytheon does this under contract by the U.S. Government; therefore, the Weapon Systems are manufactured and sold "for the United States." (*See* Ex. C, Contracts for March 26, 2020, U.S. DoD, https://www.defense.gov/News/Contracts/Contract/Article/2127392 (U.S. Government awarding Raytheon contract HQ0851-20-C-0002 for the procurement of the Standard Missile-3 Block IB); Ex. D, Contracts for March 27, 2024, U.S. DoD at 2, https://www.defense.gov/News/Contracts/Contract/Article/3720724/ (U.S. Government awarding Raytheon modification to contract N00019-20-D-0008, the procurement contract for the

Tomahawk missiles); s*ee also,* Ex. F, Class Justification and Approval for Other than Full and Open Competition, U.S. DoD, Missile Defense Agency, at 1 ("[Director of the Missile Defense Agency] intends to award sole source contracts to [Raytheon] … for full production and integration of … Standard Missile-3 (SM-3) Block IB missiles during Government Fiscal Years 2019-2023"); Ex. G, Selected Acquisition Report, U.S. DoD at 30-31 (Dec. 2022), https://www.esd.whs.mil/Portals/54/Documents/FOID/Reading%20Room/Selected_Acquisition_Reports/FY_2022_SARS/MDS_SAR_DEC_2022%20v1.pdf; ). The U.S. Government explicitly grants authorization and consent pursuant to Section 1498 for Raytheon to produce these Weapon Systems because the U.S. Government has an interest in ensuring that its contractors can provide munitions, such as the accused Weapon Systems, when the U.S. Government needs to defend the country—and can do so free from disruption by patent infringement litigation, such as this one.

When a product is manufactured and sold to the U.S. Government, it is, by definition, "for the United States." *See Sevenson Env't. Servs.*, 477 F.3d at 1366. Here, the Weapon Systems are manufactured and sold exclusively to the U.S. Government pursuant to two contracts between Raytheon and the U.S. Government (*see* Exs. C and D); therefore, the alleged infringement is "for the United States."

**2. The Alleged Infringement Is "With the Authorization and Consent of the Government"**

The Weapon Systems are manufactured "with the authorization and consent of the Government." "[T]he Government [] consents and authorizes the use of a particular device by inserting an authorization and consent clause into its contracts." *Parker Beach Restoration, Inc. v. United States*, 58 Fed. Cl. 126, 132 (2003).[10] Here, the U.S. Government provided Raytheon

[10] The U.S. Government can either grant its authorization and consent explicitly in the contract (*e.g.*, with the inclusion of FAR 52.227-1) or via implied authorization and consent. *Golden v. United States*, 137 Fed. Cl. 155, 175 (2018).

express authorization and consent in the Weapon Systems procurement contracts HQ0851-20-C-0002 and N00019-20-D-0008 (*see* Ex. C and Ex. D at 2) through their incorporation of Federal Acquisitions Regulation ("FAR") 52.227-1. FAR 52.227-1 states, in relevant part:

> (a) *The Government authorizes and consents to all use and manufacture, in performing this contract or any subject contract at any tier, of any invention described in and covered by a United States Patent—*
>
> (1) Embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract

FAR 52.227-1(a) (emphasis added).

Through its website, Raytheon makes available the terms incorporated into each of the Prime Contracts with the U.S. Government for the manufacture and sale of the accused Weapon Systems: HQ0851-20-C-0002 for the SM-3 Block IB (Ex. C) and N00019-20-D-0008 for the Block IV and Block V Tomahawk Cruise Missiles (Ex. D).[11] Specifically, for the SM-3 Block IB Interceptor Missiles, Raytheon provides the terms and conditions of the procurement contract HQ0851-20-C-0002 at this public location: Raytheon Terms and Conditions (SM-3 Block IB). (Ex. H, Raytheon Incorporated Customer Contract Requirements for Prime Contract Number HQ0851-20-C-0002). Raytheon incorporates FAR 52.227-1 into this procurement contract for the SM-3 Block IB Interceptor Missiles. (*Id.* at 2). For the Tomahawk Missiles, Raytheon provides the terms and conditions of the procurement contract N00019-20-D-0008 at this public location: Raytheon Terms and Conditions (Tomahawk). (Ex. I, Raytheon Incorporated Customer Contract Requirements for Prime Contract Number N00019-20-D-0008). Raytheon incorporates FAR 52.227-1 into this procurement contract for the Block IV and Block V Tomahawk Cruise Missiles. (*Id.* at 2). And by incorporating FAR 52.227-1 into these two procurement contracts (HQ0851-

[11] Raytheon provides these terms as contract flowdown clauses, which are passed from its agreement with the U.S. Government to Raytheon's own suppliers.

20-C-0002 and N00019-20-D-0008), the U.S. Government authorizes and consents to "all use and manufacture in performing this contract … of any invention described in and covered by a United States patent [e]mboided in the structure or composition of any article the delivery of which is accepted by the Government under this contract." FAR 52.227-1(a).

It cannot be disputed that the procurement contracts between the U.S. Government and Raytheon include the "authorization and consent" clauses. (*See* Ex. H at 2 and Ex. I at 2). As such, Section 1498 clearly requires that "the owner's remedy shall be by action against the United States in the U.S. Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture." 28 U.S.C. § 1498.[12]

### B. Plaintiff Fails to Support Its Direct and Indirect Infringement Allegations with Facts Sufficient to Make Them Plausible

Not only do Plaintiff's infringement claims against Raytheon fail because of Section 1498 (filing against the wrong defendant in the wrong jurisdiction), their claims also fail because they suffer the same, additional flaw: Plaintiff does not rely on information that attributes to Raytheon the purported facts of the Weapon Systems that it claims support its infringement claims. Instead, Plaintiff relies on various "sources" in its claim charts that are third-party websites, social media posts, and YouTube Videos—all of which fail to provide any connection between the Weapon Systems actually accused of infringement and what is shown in Plaintiff's claim charts. (*See* ECF No. 1-2, Compl. Ex. B ('448 patent Claim Chart); ECF No. 1-4, Compl. Ex. D ('325 patent Claim

---

[12] Should the Court decline to decide this issue as a Rule 12(b)(6) motion to dismiss, then the present motion should be converted to a Rule 56 motion for summary judgment, pursuant to Rule 12(d). If so, the outcome is the same because the undisputed facts remain, and the Court should dismiss Plaintiff's claims based on the pleadings. Plaintiff's sole remedy is in the U.S. Court of Federal Claims against the U.S. Government. *See*, *e.g.*, *Crater Corp.,* 255 F.3d, at 1369 (affirming grant of summary judgment at the pleading stage); *Hutchinson Indus. Inc. v. Accuride Corp.*, No. CIV.A.09-1489FLW, 2010 WL 1379720 at *1 (D.N.J. Mar. 30, 2010) (granting summary judgment at the pleading stage).

Chart); ECF No. 1-6, Compl. F ('040 patent Claim Chart).) As a direct result of Plaintiff's failure to provide evidence sufficient to link the various third-party websites and screenshots it cites to the accused Weapon Systems, Plaintiff's threadbare and conclusory statements contained in its claim charts fail to plausible state a claim of patent infringement. Nowhere does Plaintiff allege which claim elements of the Asserted Patents are met by which aspects of the Weapons Systems, and there is insufficient information in the cited third-party webpages from which Raytheon can draw a reasonable inference about Plaintiff's allegations.

Plaintiff's Complaint and claim charts are like those dismissed by the Eastern District of Texas in *Chapterhouse v. Shopify* for their failure to state a plausible claim for patent infringement. Like the asserted claims and claim charts here, the claim chart in *Chapterhouse* "br[oke] [an] exemplary claim into individual elements with 'supporting' screenshots." *Chapterhouse*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). Further, like Plaintiff's claim charts here, the *Chapterhouse* complaint supplemented its "supporting screenshots" with a conclusory statement that the accused product includes the associated element of the asserted claim. *Id.* (noting that the complaint alleges "[t]he Shopify System is a system for generating de-identified electronic receipts" for claim language that requires "[a] system for generating de-identified electronic receipts"). The *Chapterhouse* court dismissed the complaint, finding that the combination of screenshots and conclusory statements of infringement did not pass the *Iqbal/Twombly* standard. *Id.* ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."). Plaintiff's regurgitation of the claim language was not enough to further support the claim charts because each, "on its own, is a mere conclusory

statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations." *Id.*

There were none there; there are none here. This Court should similarly dismiss the complaint.

Further, even if the Court were to accept the conclusory statements (and screenshots) in Plaintiff 's Complaint and claim charts as true, the Complaint should be dismissed because it fails to allege any facts that the Weapons Systems practice every element of the claims of the Asserted Patent and how they do so.

**1. Plaintiff's Infringement Allegations Relating to the '448 Patent Are Not Plausible.**

Regarding the '448 patent, Plaintiff's direct infringement claims are not supported by facts sufficient to make them plausible. Specific factual allegations to support infringement claims are required under *Twombly* and *Iqbal*, because without, the court and defendant cannot test whether infringement is plausible. Here, Plaintiff has failed to "further allege" how the screenshots taken from various websites correspond to the specific features accused of meeting the limitations of the '448 patent.

For example, Plaintiff accuses Raytheon's SM-3 Block IB Missile of infringing the '448 patent. As support, Plaintiff cites to screenshots from an unidentified video purportedly illustrating features of the accused SM-3 Block IB Missile. The video, however, is titled "How Missile Defense Works" (ECF No. 1-2, Compl. Ex. B at 4) and appears to illustrate how missile defense systems operate in general.[13] Plaintiff provides no factual allegations to support its assertion that the unidentified video is discussing the accused SM-3 Block IB Missile.

---

[13] As noted in Ex. A, the SM-3 Block IB Missile is normally a ship-bound interceptor—not a ground based system.

Further, the ’448 patent claims require “deploying one or more projections from the second projectile to increase its footprint and increase the probability of destroying or changing the trajectory of the first projectile.” (ECF No. 1-1, Compl. Ex. A at 10 (9:44-48).) Other than a single, heavily annotated screenshot from the same “How Missile Defense Works” video, Plaintiff provides an unsupported conclusory allegation that parrots the language of the claim. *See* ECF No. 1-2, Compl. Ex. B. at 6-7.) Other than these conclusory statements, Plaintiff provides no explanation how the “kill vehicle” purportedly “increase[s]” the “footprint” of the alleged second projectile. Indeed, the annotated screenshots appear to illustrate the opposite: the “kill vehicle” detaching from the alleged second projectile *decreases* the footprint of the second projectile and does not *increase* it. These conclusory statements should be disregarded under *Iqbal* and *Twombly*.

**2. Plaintiff’s Infringement Allegations Relating to the ’325 Patent Are Also Not Plausible.**

Regarding the ’325 patent, Plaintiff’s claim chart supporting its infringement allegations is nothing more than a compilation of unidentified screenshots taken from various unaffiliated social media posts or third-party websites. Indeed, all of Plaintiff’s infringement contentions for claim limitations 1-a, 1-b, 1-c, and 1-d are screenshots taken from website “sources” unaffiliated with Raytheon, *i.e.* www.youtube.com, www.militaryaerospace.com, and www.facebook.com. (*See* ECF No. 1-4, Compl. Ex. D at 2-13.) These screenshots do not indicate what product is being shown or discussed, and Plaintiff provides no assertion that the videos are depicting the accused product. Instead, Plaintiff merely provides conclusory statements before each screenshot, parroting the claim language and asserting that the accused product includes the associated element of the asserted claim. These barebone and unsupported factual allegations are insufficient to survive a Rule 12(b)(6) motion. *Chapterhouse*, 2018 WL 6981828, at *2.

For example, the '325 patent requires "transmitting guidance information to the round from the remote platform based on the picked-up image data" and "varying a flight path of the round based on the guidance information." (ECF No. 1-3, Compl. Ex. C at 7 (6:45-48).) To support its contention that the screenshots (from three different third-party websites) establish that the accused product meets this limitation, Plaintiff again provides (with no citations) an unsupported conclusory allegation that copies the language of the claim. Plaintiff fails to explain how the three different screenshots from three different websites correspond to each other, how they correspond to the accused product, or how they support its conclusory infringement allegation. This type of allegation is meaningless and provides no explanation to the Court or Raytheon as to why Plaintiff believes the accused product meets this limitation. Raytheon therefore cannot test the plausibility of Plaintiff's infringement allegation and dismissal is appropriate. *Chapterhouse,* 2018 WL 6981828, at *2.

**3. Plaintiff's Infringement Allegations Relating to the '040 Patent Are Not Plausible.**

Plaintiff's infringement allegations relating to claim 1 of the '040 patent also fail to satisfy the plausibility requirements of *Twombly* and *Iqbal*. The screenshots cited by Plaintiff are again from third-party websites and fail to show how (and Plaintiff fails to explain why) the limitations of claim 1 are purportedly embodied by the accused product. Indeed, Plaintiff's entire infringement contentions for claim limitations 1-a, 1-b, 1-c, and 1-d are again screenshots taken from websites unaffiliated with Raytheon, *i.e.* www.youtube.com, www.militaryaerospace.com, and www.facebook.com. (*See* ECF No. 1-6, Compl. Ex. F at 2-17.) As stated above regarding the '325 patent, these screenshots provide no indication as to what type of product is being shown or discussed, and Plaintiff fails to assert that the videos are in fact depicting the accused product.

Further, the ’040 patent requires “manually identifying one or more features in the image data on the monitor” and “stabilizing the image on the monitor based on the one or more identified features.” (ECF No. 1-5, Compl. Ex. E at 8 (6:42-45).) To support its contention that the screenshots establish that the accused product meets this limitation, Plaintiff again provides (with no citations) an unsupported conclusory allegation that parrots the claim language. Plaintiff makes no attempt to discuss how the three different screenshots from three different websites correspond to each other, how they correspond to the accused product, or how they support its conclusory infringement allegation. This type of unsupported and conclusory factual allegation is meaningless and provides no explanation to the Court or Raytheon as to why Plaintiff believes the accused product meets this limitation. Raytheon therefore cannot test the plausibility of Plaintiff’s infringement allegation and dismissal is appropriate. *Chapterhouse,* 2018 WL 6981828, at *2.

* * *

These deficiencies render Plaintiff’s infringement allegations void of sufficient factual support to make them plausible and to put Raytheon on notice of the claims against it. While Plaintiff may argue that it is not obligated to provide detailed infringement contentions at the pleading stage, the fact that this Court’s local rules require infringement contentions at a future date is not a substitute for a well-pled complaint. *See Holotouch, Inc. v. Microsoft Corp.*, No. 17 Civ. 8717 (AKH), 2018 WL 2290701, at *3 (S.D.N.Y. May 18, 2018) (local rules requiring infringement contentions early in the case “cannot … abrogate Federal Rules of Civil Procedure or cases of the Supreme Court”); *CG Tech. Dev., LLC v. DraftKings, Inc.*, No. 2:16-cv-00781-RCJ-VCF, 2016 WL 7190547, at *4 (D. Nev. Dec. 12, 2106) (“The Court rejects Plaintiffs’ argument that the requirement of providing infringement contentions element-by-element under the Local Rules permits a more flexible application of Civil Rule 8(a) at the dismissal stage.”); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) (“[A]fter-the-fact

disclosures cannot be used to supplement the pleadings and meet the *Iqbal/Twombly* standard.”). Plaintiff ’s direct infringement allegations for all of the Asserted Patents fall below the standard set by *Twombly* and *Iqbal* and should therefore be dismissed in their entirety.

**4. The Complaint Fails to State a Claim for Indirect Infringement**

For each Asserted Patent, the Complaint provides two boilerplate and unsupported allegations accusing Raytheon of induced and contributory infringement. (ECF No. 1, Compl. ¶¶ 16-17, 24-25, 32-33.)[14] However, the Complaint fails to even recite the legal standard for indirect infringement, does not expressly list indirect infringement among the causes of action and prayer for relief sections, and is devoid of any allegations of knowledge by Raytheon of either the Asserted Patent or alleged infringement prior to the filing of the Complaint. As such, the Complaint fails to state a claim for indirect infringement.

Further, Plaintiff has not plausibly alleged indirect infringement because it has not pled an underlying act of direct infringement by a third party. *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.,* 572 U.S. 915, 921 (2014); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012). In addition, “to state a claim for indirect … infringement, the complaint must allege that the accused infringer has knowledge of the patent and knowledge of its infringement.” *EMA Electromechanics, Inc. v. Siemens Corp.,* No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *5 (W.D. Tex. Apr. 26, 2022); *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014); *In re Bill of Lading*, 681 F.3d at 1339. Plaintiff’s passing allegation of induced and contributory infringement without more falls far short of the pleading standard, and thus, any allegation of indirect infringement in the Complaint should be dismissed.

---

[14] This appears to be a boilerplate paragraphs that Plaintiff’s counsel has included in complaints submitted in multiple cases.

**IV. Dismissal Should Be with Prejudice Because Amendment is Futile**

Dismissal with prejudice is appropriate here because Plaintiff lacks any factual basis upon which it could allege a claim for relief. Plaintiff's failure to even attempt to plead its way around Section 1498 confirms that any further amendment would be futile. All of the claims should therefore be dismissed with prejudice. *See Ariyan*, 29 F.4th at 232 (affirming grant of defendant's motion to dismiss and lower court's decision to deny leave to plaintiffs to amend the complaint because "the core of [p]laintiffs' claims is so clearly foreclosed by settled law); *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 392 (5th Cir. 2023) (affirming denial of leave to amend complaint); *Washington v. Phillip/Seco Indus., Inc.*, 116 F. Supp. 2d 776, 777 (E.D. Tex. 2000); *United States ex rel. Jackson v. Ventavia Rsch. Grp., LLC*, 667 F. Supp. 3d 332, 365 (E.D. Tex. 2023), *appeal dismissed sub nom. United States ex rel. Jackson v. Ventavia Rsch. Grp., L.L.C.*, No. 23-40278, 2023 WL 7318489 (5th Cir. Sept. 27, 2023).

**V. Conclusion**

This Court should grant Raytheon's Motion to Dismiss pursuant to Section 1498 because the accused Weapon Systems can be and are used only by the U.S. Government. As such, Plaintiff must file its Complaint in the U.S. Court of Federal Claims against the U.S. Government. Further, and in addition to Raytheon's Section 1498 defense, this Court should grant Raytheon's Motion to Dismiss pursuant to Rule 12(b)(6) because Plaintiff's Complaint fails to plead direct infringement with anything more than screenshots from third-party websites with no explanation as to how those unaffiliated third-party websites correspond to the accused products and claim limitations. Plaintiff's indirect infringement claims should also be dismissed because Plaintiff's Complaint does not plead any instance of direct infringement. Finally, any dismissal should be with prejudice because any amendment would be futile—no amount of changed facts will circumvent the

Complaint's fatal flaw: Plaintiff's fight is with the U.S. Government, who contracted Raytheon to make its Weapon Systems to keep this country safe.

Dated: April 26, 2024

Respectfully submitted,

*/s/ Michelle Wang*

Michelle Wang
Anne Elise Herold Li (*pro hac vice* to be filed)
James Reed (admitted *pro hac vice* to be filed)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 223-4000
MichelleWang@crowell.com
ALi@crowell.com
JReed@crowell.com

*Counsel for Raytheon Technologies Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronical service on this 26th day of April, 2024.

*/s/ Michelle Wang*
Michelle Wang