**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **OMNITEK PARTNERS, LLC,**<br>        Plaintiff,<br><br>v.<br><br>**RAYTHEON TECHNOLOGIES CORPORATION**<br>        Defendant | Case No. 4:24-cv-00143-SDJ<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

I.   INTRODUCTION AND BACKGROUND ...................................................................... 1

II.  RELEVANT FACTS ..................................................................................................... 3

III. ARGUMENT .................................................................................................................. 5

    A.    Raytheon Provides the Accused Product to Entities Other Than the United States ... 5

    B.    The Complaint and Charts Sufficiently Allege a Claim for Patent Infringement That Meets the Requirements of Iqbal and Twombly ............................................... 5

        i.    The Complaint Adequately States A Plausible Claim for Relief as to Direct Infringement ........................................................................................................ 5

        ii.    The Complaint Adequately States A Plausible Claim for Relief as to Indirect Infringement ..................................................................................... 8

IV.  LEAVE TO AMEND ..................................................................................................... 9

V.   CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................3, 4

*Beacon Navigation GmbH v. Bayerische Motoren Werke AG,* No. 2:13-cv-11410-MAG-EAS, 2023 WL 4852351 (E.D. Mich. July 28, 2023*)* ...................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................4

*Bell v. Miller*, Case No. 1:18-cv-522, 2018 U.S. Dist. LEXIS 151438 (W.D. Mich. 2018)..............................................................................................10

*Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................8

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ....................3

*Crater Corp. v. Lucent Tech., Inc.,* 255 F.3d 1361 (Fed. Cir. 2001)..........................3

*Decker v. Infante, Case* No. 19-11654, 2023 U.S. Dist. LEXIS 136881 (E.D. Mich. Aug. 7, 2023)..............................................................................10

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,* 888 F.3d 1256 (Fed. Cir. 2018) 4, 5, 6, 7

*Donati v. Ford Motor Co. General Retirement Plan*, No. 13-cv-14496, 2014 WL 5394011 (E.D. Mich. Oct. 22, 2014)...........................................................3

*Glob.-Tech Appliances, Inc.,* 131 S. Ct. 2060 ........................................................8, 9

*Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787 n. 44 (5th Cir.2011)....4

*Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685 (S.D. Tex. 2021) ..........................................................................................5

*i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831 (Fed. Cir. 2010)............................8

*Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 190 L.Ed.2d 309 (2014) ..............4

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045 (5th Cir. 1982) ...................................................................................................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1372 (Fed. Cir. 2017) ...................8

*Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F. 3d 383 (5th Cir. 2010) 594 F. 3d 383 (5th Cir. 2010)..............................................................3, 4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369 (Fed. Cir. 2005) ............................................................................................. 8

*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783 (6th Cir. 2012)694 F.3d 783 (6th Cir. 2012) ......................................................................................... 3

*Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-ev-00319-ADA, 2022 U.S. Dist LEXIS 10040 (W.D. Tex. Jan 20, 2022) ............................................................. 3

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS (E.D. Tex. Nov. 17, 2020) ............................................. 5

*Script Sec. Solutions. L.L.C. v. Amazon.com. Inc.,* 170 F. Supp. 3d at 936 (E.D. Tex. 2016) ............................................................................................................ 4

*Skinner v Switzer* 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) ........... 3, 4

*Slyce Acquisition, Inc. v. SyteVisual Conception, Ltd.,* 422 F. Supp. 3d 1191 (W.D. Tex. 2019) .......................................................................................... 4

*Wood v. Dow Chem. Co.*, 72 F. Supp. 3d 777 (E.D. Mich. 2014) ............................. 3

**Constitutional Provisions & Statutes**

28 U.S.C. § 1498(a) .................................................................................................. 3

35 U.S.C. § 271 ........................................................................................................ 4

**Rules & Regulations**

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ....................................................................................... i, 3

Plaintiff Omnitek Partners, LLC ("Omnitek" or "Plaintiff") respectfully files this Response to Defendant Raytheon Technologies Corporation's ("Raytheon" or "Defendant") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"), demonstrating that Defendant's Motion should be denied

## I. INTRODUCTION AND BACKGROUND

In its Motion, Raytheon raises 3 issues A) accuses the wrong defendant pursuant to 28 U.S.C. §1498 and that the correct Defendant should be the United States; and B) fails to sufficiently allege direct or indirect infringement. Raytheon moves to dismiss Plaintiff's Complaint; and C) if Defendant prevails can the Complaint be amended to correct the deficiencies.

On March 1, 2005, U.S. Patent No.6,860,448, entitled "Deployable Projectiles," was duly and legally issued by the U.S. Patent and Trademark Office. The '448 patent relates to a novel and improved methods and devices for protecting a second location against a first projectile fired from a first location at the second location.[1] On April 1, 2014, U.S. Patent No.8,686,325, entitled "Remotely guided gun-fired and mortar rounds," was duly and legally issued by the U.S. Patent and Trademark Office.[2] On September 20, 2016, U.S. Patent No.6,860,448, entitled "Remotely guided gun-fired and mortar rounds," was duly and legally issued by the U.S. Patent and Trademark Office.[3] The '325 and '448 patents relate to novel and improved methods and devices for guiding a gun-fired or mortared round towards an intended target.[4] Omnitek owns the '448, the '325, and the '040 patent by assignment.

Claim 1 of the '448 Patent recites:[5]

---

[1] Doc.No. 0001-001
[2] Doc.No. 0001-003
[3] Doc.No. 0001-005
[4] Doc.No. 0001-003 and Doc.No. 0001-005
[5] Doc.No. 0001-001

1

1. A method for protecting a second location against a first projectile fired from a first location at the second location, the method comprising:

   firing at least one second projectile toward the first projectile; and

   deploying one or more projections from the second projectile to increase its footprint and increase the probability of destroying or changing the trajectory of the first projectile.

Claim 1 of the '325 Patent recites:[6]

1. A method for guiding one or more of a gun-fired round or a mortared round towards an intended target, the method comprising:

   picking-up image data from an image pick-up device during a descent of the round;

   transmitting the image data to a control platform remotely located from the round;

   transmitting guidance information to the round from the remote platform based on the picked-up image data; and

   varying a flight path of the round based on the guidance information to guide the round towards its intended target.

Claim 1 of the '040 Patent recites:[7]

A method for guiding a gun-fired or mortared round towards an intended target, the method comprising:

capturing image data from an image pick-up device during a descent of the round;

transmitting the image data to a control platform remotely located from the round;

receiving the image date at the control platform; displaying the image data to a user at the control platform;

---

[6] Doc.No. 0001-003
[7] Doc.No. 0001-005

    manually identifying one or more features in the image data on the monitor; and

    stabilizing the image on the monitor based on the one or more identified features.

## II. RELEVANT LAW

  A)  Pursuant to Section 1498, "a private party cannot be held liable for infringement for any goods 'used or manufactured by or for the United States.'"[8] The question here is not whether Raytheon manufactures goods for the United States, but whether or not *all* of the Accused Products are made, used, or sold to or for the United States to invoke 28 U.S.C. § 1498(a).[9]

  B) Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint only if the complaint "fail[s] to state a claim upon which relief can be granted."[10] The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal courts threshold."[11] When considering a motion to dismiss under Rule 12(b)(6), a court accepts all well-pleaded facts as true, and views those facts and all reasonable inferences in the light most favorable to the plaintiff.[12]

  "A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted"[13] "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Accord, *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010).[14] A plaintiff is not required to

---

[8] *Crater Corp. v. Lucent Tech., Inc.,* 255 F.3d 1361, 1363 (Fed. Cir. 2001).
[9] *Crater Corp. v. Lucent Tech., Inc.,* 255 F.3d 1361, 1365-1369 (Fed. Cir. 2001).
[10] "This [Rule 12(b)(6)] standard is forgiving: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Wood v. Dow Chem. Co.*, 72 F. Supp. 3d 777, 783 (E.D. Mich. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009)).
[11] *Skinner v Switzer* 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011).
[12] See *Ouwinga v. Benistar* 419 Plan Servs., Inc., 694 F.3d 783, 790 (6th Cir. 2012); *Donati v. Ford Motor Co. General Retirement Plan*, No. 13-cv-14496, 2014 WL 5394011, at *1 (E.D. Mich. Oct. 22, 2014).
[13] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982)).
[14] *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-ev-00319-ADA, 2022 U.S. Dist LEXIS 10040 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). *Accord, Lone Star Fund V.*

provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face."[15] "Courts will not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint."[16] Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level.[17] When the nonmoving party pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face.[18]

The plausibility standard "does not give district courts license to look behind [a complaint] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial."[19] Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is generally required to provide "only a plausible short and plain statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument."[20] The pleading standard and the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[21] Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities".[22]

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests."[23]  "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and

---

*(U.S.), LP v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010)
[15] *Id.*
[16] *Id.* (quoting *Slyce Acquisition, Inc. v. Syte- Visual Conception, Ltd.,* 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *Iqbal,* 556 U.S. at 678
[19] *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir.2011).
[20] *Skinner,* 562 U.S. at 530, 131 S. Ct. 1289.
[21] *Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 190 L.Ed.2d 309 (2014) (*citing 5 C. Wright & A. Miller*, 1215, p. 172 (3d ed. 2002))
[22] *Script Sec. Solutions. L.L.C. v. Amazon.com. Inc.,* 170 F. Supp. 3d at 936 (E.D. Tex. 2016) .
[23] *Disc Disease Sols. Inc. v. VGH Sols., Inc.,* 888 F.3d 1256, 1260 (Fed. Cir. 2018).

4

every element of at least one claim" of the asserted patent.[24]

### III.  ARGUMENT

#### A. Raytheon Provides the Accused Product to Entities Other Than the United States

Omnitek agrees that Raytheon manufactures and provides some, or even most, of its Accused Products to the United States. Those Accused Products that Raytheon provides to the United States must be excluded from this suit. However, Raytheon has provided no evidence that its Accused Products are *all* provided to the Untied States. In fact, the evidence provided by Raytheon seems to indicate that the Accused Products are provided to many entities other than the United States. Raytheon tells us that the Accused Products, in this case the SM-3, is provided to at least the governments of Japan, Poland, and Romania.[25] The Accused Products, in this case the Tomahawk (TLAM), is provided to at least the government of the United Kingdom.[26] As not *all* of Raytheon's Accused Products are provided to the United States the application of 28 U.S.C. § 1498 is improper.

#### B. The Complaint and Charts Sufficiently Allege a Claim for Patent Infringement That Meets the Requirements of *Iqbal* and *Twombly*

##### i. The Complaint Adequately States A Plausible Claim for Relief as to Direct Infringement

Omnitek respectfully submits that its Complaint and exhibits thereto have provided Raytheon with the requisite factual allegations which, taken as true, plausibly allege that Raytheon infringes the '448 patent, the '325 patent, and the '040 patent, (together, "the patents-in-suit") in its Accused Products or services, i.e., at least Raytheon's SM-3 Block IB and variants interceptor,

---

[24] *Disc Disease,* 888 F.3d at 1260 *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS, at *7 (E.D. Tex. Nov. 17, 2020) (See also, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021) ("defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes").
[25] Doc. No. 0009-001 (Exhibit A to Raytheon's Motion to Dismiss)
[26] Doc. No. 0009-002 (Exhibit B to Raytheon's Motion to Dismiss)

5

MK57 Vertical Launch System with Tomahawk Block IV, V, Va and variants missile, and external guidance systems. Contrary to Raytheon's argument, Omnitek's Complaint and the charts attached to it illustrate how Raytheon's Accused Products (infringe exemplary claim 1 of the patents-in-suit.

In Disc Disease, [27], the court found a complaint sufficiently pled direct infringement where it attached the asserted patents to the complaint, specifically identified the three accused products by name, attached photos of the product packaging, and "alleged that the accused products `meet each and every element of at least one claim of the [accused patents], either literally or equivalently."[28] Plaintiff's Complaint is sufficient for the same reasons. Here, identification of the Accused Products that embody Omnitek's claimed invention, combined with the claim chart attached to the Complaint, are more than sufficient to put Raytheon on notice as to what they must defend. At this stage of the litigation a plaintiff "is not required to prove its case at the pleading stage'.... the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."[29]

Contrary to Raytheon argument, Omnitek's Complaint, when taken together with the chart mapping the claims to Raytheon's Accused Product, is sufficient to overcome a challenge under Fed. R. Civ. Pl. 12(b)(6). The allegations in the Complaint, together with the text and images included in the chart, and including the images embedded therein, serve to provide Raytheon with sufficient information to put it on notice as to what it must defend.

Taken as true, the allegations of Omnitek's Complaint, as the Court is required to do at the

---

[27] 888 F.3d 1256.
[28] *Id.* at 1260.
[29] *Beacon Navigation GmbH v. Bayerische Motoren Werke AG,* No. 2:13-cv-11410-MAG-EAS, 2023 WL 4852351, at *8 (E.D. Mich. July 28, 2023).

pleading stage, Omnitek submits that its pleading is sufficient.

The cases cited by Defendant are distinguishable. Omnitek's Complaint illustrates in the claim chart how each element of the exemplary claim maps to Raytheon's products. While Raytheon alleges that Omnitek "does not rely on information that attributes to Raytheon the purported facts of the Weapon Systems that it claims support its infringement claims."[30] In the exemplary chart for the `448 patent, Omnitek cites *only* to Raytheon's own website and images showing how the Accused Product operates.[31] In the exemplary chart for the `325 patent and the '040 patent, Omnitek cites to Raytheon's own website as well as other sources that show how various elements of the Accused Products operate. It is telling that Raytheon does not accuse the various sources as being wrong only that they are not Raytheon sites.

At any rate, Plaintiff disagrees that the pleading standard in this case should be more stringent than that in Disc Disease.[32] In Disc Disease, the court found a complaint sufficiently pled direct infringement where it attached the asserted patents to the complaint, specifically identified the three accused products by name, attached photos of the product packaging, and alleged that the accused products meet each and every element of at least one claim of the [accused patents], either literally or equivalently.[33] As set forth above, Plaintiff's Complaint satisfies this standard.[34]

      ii.    **The Complaint Adequately States A Plausible Claim for Relief as to Indirect Infringement**

"To prove inducement, the patentee must show direct infringement, and that the alleged infringer 'knowingly induced infringement and possessed specific intent to encourage another's

---

[30] Doc. No. 0009, pg 9
[31] Doc. No. 0001-0002, https://www.raytheonmillsilesanddefense.com/what-we-do/missile-defense
[32] *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).
[33] *Id.* at 1260.
[34] That Raytheon offers the services described in the chart attached to the Complaint. Exhibit B, Doc. No. 0001-002; Exhibit D, Doc. No. 0001-004; and Exhibit F, Doc. No. 0001-006.

infringement.'" [35] "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" [36]

Here, Plaintiff alleges that "Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., Raytheon products and services)…" and that Defendant "has actively encouraged or instructed others (e.g., its customers and/or customers of its related companies), and continues to do so, on how to use its products and services (e.g., Raytheon's systems and services) and related services such as to cause infringement of "one or more claims of the '448 patent, including one or more of claims 1 – 13, literally or under the doctrine of equivalents,"[37] "one or more claims of the '325 patent, including one or more of claims 1 – 29, literally or under the doctrine of equivalents," [38] and "one or more claims of the '040 patent, including one or more of claims 1 – 7, literally or under the doctrine of equivalents." [39] All of the requirements for pleading inducement are present here, so dismissing these allegations is not warranted.

Contributory infringement is the intentional aiding of one person by another in the unlawful making, or selling, or using of a third person's patented invention.[40] Where a person furnishes one part of a patented combination, intending that it shall be assembled with the other parts thereof,

---

[35] *i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 851 (Fed. Cir. 2010), aff'd on other grounds, 564 U.S. 91 (2011) (quoting *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)).
[36] *Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting In re *Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012))..
[37] Doc. No. 0001 at pg 4.
[38] Doc. No. 0001 at pg 6.
[39] Doc. No. 0001 at pg 8.
[40] *Glob.-Tech Appliances, Inc.,* 131 S. Ct. 2060 at 2066.

and that the complete combination shall be used or sold; that person is liable to an action, as infringer of the patent on the complete combination.[41] To make or sell a single element with the intent that it shall be united to the other elements, and so complete the combination, is infringement.[42]

Here, Defendant alleges that "Plaintiff has not plausibly alleged indirect infringement because it has not pled an underlying act of direct infringement by a third party."[43] However, Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., Raytheon services) and related services… and that Defendant "has continued to encourage and instruct others on how to use the products", thus "showing specific intent."[44] In addition, Plaintiff alleges that "there are no substantial noninfringing uses for Defendant's products and services."[45] As with induced infringement, all of the requirements for pleading contributory infringement are present here, so dismissing these allegations is not warranted.

### IV. LEAVE TO AMEND

Plaintiff respectfully requests leave to amend if the Court is inclined to grant Defendant's Motion in any respect. Plaintiff believes that it has addressed each of Defendant's points but requests leave to amend if the Court disagrees, particularly as this Motion is the first time the Court has had the opportunity to address the sufficiency of Plaintiff's pleadings.

More specifically, Plaintiff requests leave to amend to assert facts to demonstrate how "all steps of a claimed method are performed by or attributable to a single entity", to add factual

---

[41] *Id.* at 2066.
[42] *Id.* at 2066. (citations and quotations omitted).
[43] Doc. No. 0009 at pg 15.
[44] Doc. No. 0009 at pg 4-9.
[45] Doc. No. 0009 at pg 4-9.

allegations relating to Raytheon's direction or control over the Accused Products shown in the chart attached to its Complaint, and to add facts to its pleading and the chart to explain in greater detail the infringement allegations. Given the liberal standard for amending pleadings,[46] leave to amend is warranted, to permit plaintiff to assert factual allegations and theories, so that Plaintiff's case can be adjudicated on its merits.

## V. CONCLUSION

Raytheon's Motion fails to show that *all* of Raytheon's Accused Products are provided to the United States. Omnitek's Complaint adequately states a plausible claim for relief as to direct infringement and indirect infringement. To any extent necessary, Omnitek requests leave to amend.

Respectfully submitted,

**RAMEY LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, TX 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Omnitek Partners, LLC***

---

[46] *See Decker v. Infante, Case* No. 19-11654, 2023 U.S. Dist. LEXIS 136881 (E.D. Mich. Aug. 7, 2023); *Bell v. Miller*, Case No. 1:18-cv-522, 2018 U.S. Dist. LEXIS 151438, at *2 (W.D. Mich. 2018).

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By: /s/ *William P. Ramey, III*
William P. Ramey, III